# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CONSTRUCTION WORKERS' TRUST FUND,<br>  by its Trustee, Julio Palomo<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, Maryland 21044 | \* <br><br>\* <br><br>\* |
| LABORERS' DISTRICT COUNCIL TRAINING<br>  FUND FOR BALTIMORE AND VICINITY,<br>  by its Trustee, Julio Palomo<br>7130 Columbia Gateway Drive, Suite A<br>Columbia, Maryland 21044 | \* <br><br>\* <br><br>\* |
| BALTIMORE/WASHINGTON LABORERS'<br>  DISTRICT COUNCIL<br>11951 Freedom Drive, Suite 310<br>Reston, Virginia 20190 | \* <br><br>\* |
| MID-ATLANTIC LABORERS'<br>  POLITICAL LEAGUE<br>11951 Freedom Drive, Suite 310<br>Reston, Virginia 20190 | \* <br><br>\* <br><br>\*     Civil Action No. _____ |
| LABORERS' & EMPLOYER COOPERATION<br>  & EDUCATION TRUST<br>905 16th Street, NW<br>Washington, D.C. 20006 | \* <br><br>\* |
| LABORERS' BENEFIT FUNDS<br>10440 Little Patuxent Parkway<br>Columbia, Maryland 21044 | \* <br><br>\* |
|     Plaintiffs | \* |
| vs. | \* |
| LORENZO CONSTRUCTION COMPANY, LLC<br>2411 Crofton Lane, Suite 9<br>Crofton, Maryland 21114 | \* <br><br>\* |
| SERVE ON: Resident Agent<br>David J. Polashuk<br>400 Redland Court, Suite 110<br>Owings Mills, Maryland 21117 | \* <br><br>\* <br><br>\* |
|     Defendant | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

## INTRODUCTION

1. This is an action to: (a) enforce the terms of a collective bargaining agreement, (b) collect delinquent employer contributions under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et sec,., (c) recover diverted employee wage deductions under the Maryland Wage Payment and Collection Law ("MWPCL" ), Md. Code, Lab. & Employ. Art., Sec. 3-501, et seq., and (d) enjoin future violations of the collective bargaining agreement, ERISA and MWPCL.

## JURISDICTION

2. This Court has subject matter jurisdiction of Counts I and II pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and subject matter jurisdiction of Counts III-V pursuant to Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

3. This Court has supplemental jurisdiction over Counts VI and VII, which assert matters so related to the claims over which the court has original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff Construction Workers' Trust Fund ("CWTF") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Julio Palomo is a duly appointed and authorized Trustee of the CWTF, a fiduciary within the meaning of

Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and a member of the joint board of trustees of the CWTF, which joint board of trustees is the plan sponsor of the CWTF within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5. Plaintiff Laborers' District Council Training Fund for Baltimore and Vicinity ("Training Fund") is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §§ 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). Julio Palomo is a duly appointed and authorized Trustee of the Training Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Training Fund, which joint board of trustees is the plan sponsor of the Training Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6. Plaintiff Baltimore/Washington Laborers' District Council ("Union") is an unincorporated labor organization, as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), which represents employees in an industry affecting commerce within the meaning of Sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a). Further, plaintiff Union is an employee organization, as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4), and represents employees in an industry affecting commerce as defined in Section 3(12) of ERISA, 29 U.S.C. §1002(12).

7. Plaintiff Mid-Atlantic Laborers' Political League ("LPL") is an unincorporated political action committee.

8. Plaintiff Laborers' & Employer Cooperation and Education Trust ("LECET") is a management-labor association as defined by the Labor Management Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).

9. Laborers' Benefit Funds is the authorized and appointed local agent for collections for the CWTF, Training Fund, Union, LPL, and LECET (collectively, the "Funds").

10. Defendant, Lorenzo Construction Company, LLC ("Lorenzo") is a corporation that employs members of the Union to work on various projects in the mid-Atlantic area, including within this judicial district.

## COLLECTIVE BARGAINING AGREEMENT

11. At all times relevant to this action, Lorenzo was a signatory and subject to a collective bargaining agreement ("CBA") with the Union. The CBA provides for the rates of pay, wages, hours of employment, and other conditions of employment for Lorenzo's employees covered by said CBA. The CBA specifically provides for the payment, by Lorenzo, to the trusts maintained on behalf of the CWTF, Training Fund, and LECET of specified sums of money for each hour worked by each of Lorenzo's employees covered by said CBA.

12. The CBA also provides for certain authorized deductions from the wages of Lorenzo's employees. Specifically, union dues are to be deducted from employees' wages and remitted to the Union and LPL remittances are to be deducted from employees' wages and remitted to the LPL.

13. The CBA further provides that Lorenzo is bound by the terms of the trust funds listed in the CBA. Each trust fund is governed by an agreement and declaration of trust

4

("Trust Agreements"). The Trust Agreements give the trustees the power to establish procedures for the collection of delinquent contributions. In accordance with the Trust Agreements, the trustees adopted Delinquency Procedures under which payments to the Funds are to be made by the 20th day of each month following the month in which the hours were worked, and such payments are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees and the amounts owed to each Fund. The Laborers' Benefit Funds is the appointed local agent delegated authority to enforce the Funds' Delinquency Procedures.

## ERISA SECTION 502((g)

14. Section 502(g) of ERISA, 29 U.S.C. §1132(g), requires the court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions. Under the Laborers' Benefit Funds Delinquency Procedures, interest at the rate of eighteen percent (18%) *per annum* applies to delinquent contributions to the CWTF and Training Fund, and liquidated damages in the amount of twenty percent (20%) is assessed on the principal amount of such delinquent contributions payments.

## MARYLAND WAGE PAYMENT AND COLLECTION LAW

15. Section 3-507.2 of the MWCPL, Md. Code, Lab. & Empl. Art., § 3-507.2, provides that if an employer fails to properly pay or deduct wages, an action may be brought against the employer, and the court may award an amount up to three times the amount owed, and attorneys' fees and costs.

## Count One
## ERISA Section 515 Claim of CWTF Against Lorenzo

16. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-15.

17. Lorenzo has failed and refused to file timely reports and pay the required employee fringe benefit contributions due and owing to the CWTF for hours worked by Lorenzo's employees for the months of October 2020 through April 2021. As a result, Lorenzo owes contributions in the amount of $104,662.13, liquidated damages in the amount of $6,206.47 and interest, through June 1, 2021, in the amount of $20,932.42 for those months.

18. In addition, Lorenzo owes $1,209.26 in liquidated damages, and interest through February 12, 2021, of $3,405.72 for late-paid contributions for hours worked in August 2020.

19. Lorenzo also owes $2,084.38 in liquidated damages, and interest through March 22, 2021, of $5,525.04 for late-paid contributions for hours worked in September 2020.

20. Based on the failure of Lorenzo to pay employee fringe benefit contributions in a timely manner for prior months, the CWTF believes that Lorenzo will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the CWTF prays:

a. That this Court order Lorenzo to make all of its wage and business records available to the CWTF's auditors or other authorized representatives in order to determine the exact amount owed for October 2020 through April 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Lorenzo in the amount of $144,025.43 which includes $104,662.14 in unpaid contributions for the months of October 2020 through April 2021, liquidated damages in the amount of $6,206.47 and interest owed, through June 1, 2021, in the amount of $20,932.42 for those months; liquidated damages of $1,209.26 and interest, through February 12, 2021, of $3,405.72 for late-paid August 2020 contributions; and liquidated damages of $2,084.38 and interest, through March 22, 2021, of $5,525.04 for late-paid September 2020 contributions;

c. That judgment be entered against Lorenzo in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with applicable interest at the rate of eighteen percent (18%) *per annum* and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

d. That the CWTF be afforded post-judgment interest, reasonable attorneys' fees and its costs;

e. That Lorenzo be ordered to comply with the terms of the CBA and the Funds' Delinquency Procedures regarding filing of the remittance reports and payment of contributions in the future; and;

f. That such other relief be granted as this Court deems just and proper.

## Count Two
## ERISA Section 515 Claim of Training Fund Against Lorenzo

21. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-20.

8872642.1 01279/054456 06/03/2021

22. Lorenzo has failed and refused to file timely reports and pay the required employee fringe benefit contributions due and owing to the Training Fund for hours worked by Lorenzo's employees for the months of October 2020 through April 2021. As a result, Lorenzo owes contributions in the amount of $18,292.01, liquidated damages in the amount of $1,105.32 and interest, through June 1, 2021, in the amount of $3,658.39 for those months.

23. In addition, Lorenzo owes $199.79 in liquidated damages and interest, through February 12, 2021, of $562.69 for late-paid contributions for hours worked in August 2020.

24. Lorenzo also owes $344.38 in liquidated damages and interest, through March 22, 2021, of $912.84 for late-paid contributions for hours worked in September 2020.

25. Based on the failure of Lorenzo to pay employee fringe benefit contributions in a timely manner for the prior months, the Training Fund believes that Lorenzo will continue to fail to pay employee fringe benefit contributions in a timely manner for future months.

WHEREFORE, the Training Fund prays:

    a. That this Court order Lorenzo to make all of its wage and business records available to the Training Fund's auditors or other authorized representatives in order to determine the exact amount owed for October 2020 through April 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

    b. That judgment be entered against Lorenzo in an amount of $25,075.42, which includes $18,292.01 in unpaid contributions for the months of October 2020 through April 2021, liquidated damages in the amount of $1,105.32, and interest owed through

June 1, 2021, in the amount of $3,658.39 for those months; liquidated damages of $199.79 and interest, through February 12, 2021, of $562.69 for late-paid August 2020 contributions; and liquidated damages of $344.38 and interest, through March 22, 2021, of $912.84 for late-paid September 2020 contributions;

    c. That judgment be entered against Lorenzo in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) *per annum*, and liquidated damages in the amount of twenty percent (20%) of the principal amount of such contributions;

    d. That the Training Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

    e. That Lorenzo be ordered to comply with the terms of the CBA and the Funds' Delinquency Procedures regarding filing of the remittance reports and payment of contributions in the future; and

    f. That such other relief be granted as this Court deems just and proper.

## Count Three
## Union's Claim Against Lorenzo for Breach of CBA (Union Dues)

  26. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-25.

  27. Lorenzo has failed and refused to file timely reports and remit the required wage deductions due and owing to the Union for hours worked by Lorenzo's

employees for the months of October 2020 through April 2021, and owes wage deductions in the amount of $48,251.63 for those months.

28. Based on the failure of Lorenzo to remit the required wage deductions in a timely manner for prior months, the Union believes that Lorenzo will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the Union prays:

a. That this Court order Lorenzo to make all of its wage and business records available to the Union's auditors or other authorized representatives in order to determine the exact amount owed for October 2020 through April 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Lorenzo in an amount equal to $48,251.63 for un-remitted wage deductions owed for the months of October 2020 through April 2021;

c. That judgment be entered against Lorenzo in the amount of all un-remitted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment;

d. That the Union be awarded reasonable attorneys' fees and its costs;

e. That Lorenzo be ordered to comply with the terms of the CBA and the Funds' Delinquency Procedures regarding filing of the remittance reports and remittance of wage deductions in the future; and

f. That such other relief be granted as this Court deems just and proper.

## Count Four
## LPL's Claim Against Lorenzo for Breach of CBA

29. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-28.

30. Lorenzo has failed and refused to file reports and to remit the required wage deductions due and owing to the LPL for hours worked by Lorenzo's employees for the months of October 2020 through April 2021, and owes wage deductions in the amount of $2,396.89.

31. Based on the failure of Lorenzo to remit the required wage deductions in a timely manner for prior months, the LPL believes that Lorenzo will continue to fail to remit the required wage deductions in a timely manner for future months.

WHEREFORE, the LPL prays:

a. That this Court order Lorenzo to make all of its wage and business records available to the LPL's auditors or other authorized representatives in order to determine the exact amount owed for October 2020 through April 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b. That judgment be entered against Lorenzo in the amount of $2,396.89 representing un-remitted wage deductions owed for the months of October 2020 through April 2021;

c. That judgment be entered against Lorenzo in the amount of all un-remitted wage deductions that accrue subsequent to the filing date of this complaint and prior to entry of judgment;

d. That the LPL be awarded reasonable attorneys' fees and its costs;

    e. That Lorenzo be ordered to comply with the terms of the CBA and the Fund's Delinquency Procedures regarding filing of the remittance reports and remittance of wage deductions in the future; and

    f. That such other relief be granted as this Court deems just and proper.

**Count Five**
**LECET's Claim Against Lorenzo for Breach of CBA**

  32. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-31.

  33. Lorenzo has failed and refused to file timely reports and to pay the required contributions due and owing to LECET for hours worked by Lorenzo's employees for the months of October 2020 through April 2021, and owes contributions in the amount of $4,550.53 for those months.

  34. Based on the failure of Lorenzo to pay contributions in a timely manner for prior months, LECET believes that Lorenzo will continue to fail to pay contributions in a timely manner for future months.

  WHEREFORE, LECET prays:

    a. That this Court order Lorenzo to make all of its wage and business records available to LECET's auditors or other authorized representatives in order to determine the exact amount owed for October 2020 through April 2021, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

    b. That judgment be entered against Lorenzo in the amount of $4,550.53 for unpaid contributions owed for the months of October 2020 through April 2021;

    c. That judgment be entered against Lorenzo in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment;

    d. That the LECET be awarded reasonable attorneys' fees and its costs;

    e. That Lorenzo be ordered to comply with the terms of the CBA and the Funds' Delinquency Procedures regarding filing of the remittance reports and payment of contributions in the future; and

    f. That such other relief be granted as this Court deems just and proper.

## **Count Six**
## **MWPCL Claim Against Lorenzo (Union Dues)**

35. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-34.

36. Lorenzo has failed and refused to file timely reports and remit the required wage deductions due for hours worked by Lorenzo's employees for the months of October 2020 through April 2021, and owes wage deductions for Union Dues in the amount of $48,251.63.

WHEREFORE, the Union prays on behalf of its members:

    a. That judgment be entered against Lorenzo in an amount equal to $144,754.89 (three times $48,251.63) for diverted wage deductions for the months of October 2020 through April 2021;

    b. That the Union be awarded reasonable attorneys' fees and its costs on behalf of its members;  and

    c. That such other relief be granted as this Court deems just and proper.

**Count Seven**
**MWPCL Claim Against Lorenzo (LPL)**

37. Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-36.

38. Lorenzo has failed and refused to file timely reports and remit the required wage deductions due for hours worked by Lorenzo's employees for the months of October 2020 through April 2021, and owes wage deductions for LPL in the amount of $2,396.89

WHEREFORE, the Union prays on behalf of its members:

a. That judgment be entered against Lorenzo in an amount equal to $7,190.67 (three times $2,396.89) for diverted wage deductions for the months of October 2020 through April 2021;

b. That the Union be awarded reasonable attorneys' fees and its costs on behalf of its members; and

c. That such other relief be granted as this Court deems just and proper.

**CONCLUSION**

Plaintiffs seek recovery pursuant to Counts One and Two, in the total amount of $169,100.85, plus any unpaid contributions that accrue or that otherwise are discovered upon review subsequent to the filing date of this complaint and prior to entry of judgment, plus any applicable interest, including post-judgment interest, liquidated damages, reasonable costs and attorneys' fees; Counts Three through Five in the total amount of $55,199.05, plus any additional unpaid amounts that accrue or that otherwise are discovered upon review subsequent to the filing date of this complaint and prior to entry of judgment, plus reasonable costs and attorneys' fees; Count Six, in the amount of $144,754.89, plus any unpaid remittances that accrue or that

otherwise are discovered upon review subsequent to the filing date of this complaint and prior to entry of judgment, plus reasonable costs and attorneys' fees; and Count Seven in the total amount of $7,190.67 plus reasonable costs and attorneys' fees.

Respectfully submitted,

Date:  June 3, 2021

/s/  Robert A. Gaumont
Robert A. Gaumont, Fed Bar. No. 26302
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Tel/Fax: (410) 576-4007
rgaumont@grflaw.com

*Attorney for Plaintiffs*